IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**BRANDON EARL FIELDS**                                                **PETITIONER**

**VERSUS**                              **CIVIL ACTION NO. 3:14CV743-DPJ-FKB**

**SHERIFF BILLIE SOLLIE, MAJOR
ROBINSON, CAPTAIN MCCARTER,
SERGEANT RUSH, NURSE SHEILA, and
JOHN DOE**                                                              **RESPONDENTS**

## ORDER OF DISMISSAL

This *pro se* prisoner case is before the Court, *sua sponte*, for consideration of dismissal. Petitioner Brandon Earl Fields is a pretrial detainee at the Lauderdale County Detention Facility. Fields brings this Petition for Writ of Habeas Corpus [2] pursuant to 28 U.S.C. § 2241.[1] Fields is currently detained on charges of felon in possession of a weapon and possession of illegal narcotics with intent to distribute. He challenges the length of his pretrial delay and alleged lack of indictment and preliminary hearing. He asks for his day in court on his state criminal case. As set forth below, this case is dismissed without prejudice.

**I.     Background**

Fields filed this habeas action on September 9, 2014. He alleges that he has been held in the Lauderdale County Detention Facility since June 7, 2014. Nevertheless, he claims that he has yet to be indicted or brought to a preliminary hearing. He also claims that even though his attorney was assigned to him in June, the attorney only recently visited him in September. Fields

---

[1]The action was originally filed in cause number 3:14cv715-WHB-JCG. Because the Complaint was a mixed 42 U.S.C. § 1983 complaint and § 2241 habeas petition, the habeas claims were severed and opened in the instant civil action on September 23, 2014.

claims that on September 29, he "was finally brought to Ms. Porter[']s office to call [his] attorney & 30 minutes later, [Fields] had a visit from" his appointed counsel. Pet'r's Am. Pet. [6] at 6. Fields asks the Court for a writ of habeas corpus to order the state court to give him his "day in court," which this Court construes as a request to give him a preliminary hearing, bring him to trial, and otherwise to have his case heard before the state trial court. *Id.* at 8.

**II.      Discussion**

Fields can bring federal habeas claims to force the state court to grant him these procedures only if he has exhausted the claims in state court. *Dickerson v. State of La.*, 816 F.2d 220, 228 (5th Cir. 1987). This gives "the State the 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (internal quotation marks omitted) (quoting *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (per curiam)). According to the Fifth Circuit Court of Appeals:

> [A]lthough section 2241 establishes jurisdiction in the federal courts to consider pre-trial habeas corpus petitions, federal courts should abstain from the exercise of that jurisdiction if the issues raised . . . may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner.

*Dickerson*, 816 F.2d at 225. In order to exhaust his claim for habeas relief, he is required to seek relief from the highest court of the state. *O'Sullivan v. Boerckel*, 526 U.S. 838, 840 (1999); *see also D.D. v. White*, 650 F.2d 749, 750 (5th Cir. Unit A 1981).

Fields admits he filed a petition for habeas corpus with the Lauderdale County Circuit Court on September 12, 2014, and that petition is still pending. He did not indicate that he brought any challenge in the state appellate courts. Because the Mississippi Supreme Court was

not given an opportunity to consider the issues raised herein, the habeas claims are not exhausted. They are therefore dismissed without prejudice for failure to exhaust.

### III.     Conclusion

This case is dismissed without prejudice for Fields's failure to exhaust his state court remedies.

**IT IS THEREFORE ORDERED AND ADJUDGED** that, for the reasons stated above, this case should be and is hereby **DISMISSED WITHOUT PREJUDICE**.  A separate final judgment shall issue pursuant to Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED** this the 14th day of October, 2014.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE