IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

BRANDON EARL FIELDS                                                                    PETITIONER

VS.                                                               CIVIL ACTION NO. 3:14cv743-DPJ-FKB

BILLIE SOLLIE, et al.                                                                   RESPONDENTS

**REPORT AND RECOMMENDATION**

Brandon Earl Fields is a convicted prisoner in the custody of the Mississippi Department of Corrections. He filed this action on September 23, 2014, while he was being held as a pretrial detainee in the Lauderdale County Detention Facility (LCDF) on charges of possession of a firearm by a felon and possession of illegal narcotics with intent to distribute. In his original complaint, which was docketed as civil action no. 3:14cv715-WHB-JCG, Fields challenged his pending criminal proceeding and the conditions of his confinement and sought release and injunctive relief. The Court severed his claims and directed that the Clerk open the present action for Fields's claims under 28 U.S.C. § 2241. Presently before the Court are Respondents' motion to dismiss [16] and Petitioner's motion for judgment on the pleadings [20]. The undersigned recommends that Respondents' motion be granted, Petitioner's motion denied, and this action dismissed with prejudice.

On December 3, 2014, Fields entered a plea of guilty to the charge of felon-in-possession. In exchange for the guilty plea, the state agreed not to present the charge of possession with intent to the grand jury. On that same day, Fields was sentenced to serve a term of ten years, with five years suspended and five years of post-release

supervision. He is presently incarcerated at the East Mississippi Correctional Facility. Thus, Fields's habeas petition is now moot.

In his motion for judgment on the pleadings, Petitioner complains about the length of time that he was held as a pretrial detainee and other matters regarding the conditions of his confinement at the LCDF and alleges that the state is violating the terms of his plea bargain. Any claim for damages regarding his pretrial detention must be pursued in an action pursuant to 42 U.S.C. § 1983. To the extent Petitioner desires to attack his guilty plea, any such claims would be governed by 28 U.S.C. 2254(b)(1), which requires that he first exhaust his state court remedies.

For these reasons, the undersigned recommends that Respondents' motion to dismiss be granted, Petitioner's motion for judgment on the pleadings be denied, and this matter be dismissed with prejudice. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 20th day of February, 2015.

/s/ F. Keith Ball

UNITED STATES MAGISTRATE JUDGE